1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8 GEORGE TAPIA, an individual,                    )
                                                  )
9          Plaintiff,                             )
                                                  )
10         v.                                     )        2:12-cv-105-RCJ-VCF
                                                  )
11                                                )        **ORDER**
   CALIFORNIA RECONVEYANCE              )
12 COMPANY, MERSCORP, INC., a Virginia )
   Corporation, MORTGAGE ELECTRONIC    )
13 REGISTRATION SYSTEMS, INC., a        )
   subsidiary of MERSCORP, INC., a Delaware )
14 corporation, DOES individuals 1 to 100,  )
   inclusive, and ROES corporations 1 to 30, )
15 inclusive,                                     )
                                                  )
16         Defendants.                            )
                                                  )
17 _____ )

18         Currently before the Court is Plaintiff's motion for a temporary restraining order and

19 preliminary injunction (#1-4).  For the following reasons, Plaintiff's motion for a temporary

20 restraining order and preliminary injunction is denied.

21                            **BACKGROUND**[1]

22         Plaintiff George Tapia and his wife Donna Tapia, as husband and wife, purchased real

23

24 _____

25         [1] Defendants have requested judicial notice to be taken of attached copies of relevant

   publicly recorded documents.  (*See* Opp'n to Mot. for TRO (#6) at 5 n.1).  The Court takes
26
   judicial notice of these public records.  *See Disabled Rights Action Comm. v. Las Vegas*
27 *Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the
28
   records of state agencies and other undisputed matters of public record under Fed. R. Evid.

   201).

property located at 10421 Pacific Sageview Lane, Las Vegas, Nevada (the "Property") on or about May 19, 2004.[2]  (Deed (#6-3)).  To finance the purchase of the Property, Plaintiff and Donna Tapia obtained a loan from American Fidelity Mortgage Bankers, Inc., in the amount of $185,600, which was secured by a deed of trust (the "Deed of Trust").  (Deed of Trust (#6-4)).  The Deed of Trust names American Fidelity Mortgage Bankers as lender, Old Republic Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary.  (*Id.* at 1).

On January 6, 2005, the Property was conveyed by Plaintiff and Donna Tapia to "George Tapia and Donna Tapia, Trustees of the Tapia Family Trust."  (Trust Transfer Deed (#6-5)).  Donna Tapia, as Trustee of the Tapia Family Trust, then conveyed the Property back to Plaintiff on October 17, 2008 for no consideration.  (Quitclaim Deed (#6-6)).

Plaintiff defaulted on the loan secured by the Deed of Trust by failing to make the payment due on July 1, 2008.  (Notice of Default (#6-9)).  Plaintiff apparently attempted to modify the loan, but was unsuccessful.  (Compl. (#1-2) at 2; Mot. for TRO (#1-4) at 4).  On October 28, 2008, MERS, as nominee, substituted Cal-Western Reconveyance Corporation ("Cal-Western") as trustee of the Deed of Trust.  (Substitution of Trustee (#6-7)).  MERS also assigned all beneficial interest under the Deed of Trust to U.S. Bank, N.A., on October 28, 2008.  (Assignment of Deed of Trust (#6-8)).

Cal-Western, as trustee, executed a notice of default on October 30, 2008, which was recorded on November 3, 2008.  (Notice of Default (#6-9)).  As the default under the note

_____

[2] Plaintiff alleges that the Property was purchased and the Deed of Trust was executed on October 17, 2008.  (Compl. (#1-2) at 5).  Although Plaintiff was listed as the sole owner of the Property on a quitclaim deed executed on October 17, 2008, prior to that date he owned the Property as trustee of the Tapia Family Trust and prior to that as a joint tenant with Donna Tapia.  (Deed (#6-3); Trust Transfer Deed (#6-5); Quitclaim Deed (#6-6)).  The Deed of Trust indicates it was executed on May 11, 2004 and there is no apparent factual basis for Plaintiff's assertion that it was executed in 2008.  (Deed (#6-3); Deed of Trust (#6-4)).

secured by the Deed of Trust was not cured, Cal-Western recorded a notice of trustee's sale on February, 9, 2009; February 15, 2011; and October 17, 2011.  (Notice of Trustee's Sale (##6-10, -11, -12)).

Plaintiff—proceeding pro se—filed a complaint in the district court for the State of Nevada in Clark County on December 28, 2011 against California Reconveyance Company,[3] MERSCORP, Inc., and MERS (collectively "Defendants").  (Compl. (#1-2)).  Plaintiff alleges eight causes of action in his complaint, including: (1) injunctive/declaratory relief; (2) negligence; (3) wrongful foreclosure; (4) breach of the covenant of good faith and fair dealing; (5) statutorily defective foreclosure; (6) misrepresentation; (7) detrimental reliance; and (8) violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692).  (*Id.* at 7-16).  On December 29, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary injunction in Nevada State court.  (Mot. for TRO (#1-4)).  Plaintiff also recorded a notice of lis pendens on the Property on January 5, 2012.  (Notice of Lis Pendens (#6-13)).

The complaint was removed to this Court on January 20, 2012, along with all pending motions.  (Pet. for Removal (#1)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 allows a court to issue a temporary restraining order and preliminary injunction.  "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008).  To obtain injunctive relief, such as a preliminary injunction or a temporary restraining order,

---

[3] It is unclear why California Reconveyance Company was named as a defendant in this action.  Plaintiff apparently confused California Reconveyance Company with Cal-Western, as California Reconveyance Company is not now, nor ever has been the trustee under the Deed of Trust.  (Opp'n to Mot. for TRO (#6) at 3).  Regardless, California Reconveyance Company has responded to Plaintiff's motion and provided the Court with the necessary documentation to adjudicate this matter.

1    a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely

2    to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities

3    tips in his favor, and (4) that an injunction is in the public interest.  *Id.* at 20; *Earth Island Inst.*

4    *v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

5                                          **DISCUSSION**

6    **I.     Likelihood of Success on the Merits**

7            Plaintiff's chief contention seems to be that Defendants did not have authority to

8    foreclose on the Property because the proper statutory procedure was not followed.  Because

9    Plaintiff's defective foreclosure claim is at the heart of his complaint, the Court will first address

10   whether the foreclosure was statutorily improper before turning to address the merits of

11   Plaintiff's remaining claims.

12          **A.     Defective Foreclosure**

13          Nevada law provides that a deed of trust is an instrument that may be used to "secure

14   the performance of an obligation or the payment of any debt."  NEV. REV. STAT. § 107.020.

15   Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may

16   foreclose on the property through a trustee's sale to satisfy the obligation.  NEV. REV. STAT. §

17   107.080(2)(c).

18          The procedures for conducting a trustee's foreclosure sale are set forth in NRS §

19   107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the

20   beneficiary, or the trustee must execute and record a notice of default and election to sell.

21   NEV. REV. STAT. § 107.080(2)(c).  A copy of the notice of default and election to sell must be

22   mailed by registered mail or certified mail with return receipt requested.  *Id.* § 107.080(3).  The

23   trustee or other person authorized to make the sale must wait at least three months after

24   recording the notice of default and election to sell before the sale may proceed.  *Id.* §

25   107.080(2)(d).  After the three month period, the trustee must give notice of the time and place

26   of the sale to each trustor by personal service or by mailing the notice by registered or certified

27   mail to the last known address of the trustor.  *Id.* § 107.080(4)(a).  Under NRS § 107.080(5),

28   a "sale made pursuant to this section may be declared void by any court of competent

                                              4

1   jurisdiction in the county where the sale took place if . . . [t]he trustee or other person

2   authorized to make the sale does not substantially comply with the provisions of this section."

3   *Id.* § 107.080(5)(a).

4       A nominee on a deed of trust has the authority, as an agent, to act on behalf of the

5   holder of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide*

6   *Bank, FSB*, 2009 WL 3617650, *1 (D. Nev. 2009).  As long as the note is in default and the

7   foreclosing trustee is either the original trustee or has been substituted by the holder of the

8   note or the holder's nominee, there is no defect in the Nevada foreclosure.  *Id.* at *2.

9       In this case, the proper entities foreclosed on the Property in the proper order.  MERS

10  was given authority in the Deed of Trust to assign beneficial interest in the Deed of Trust to

11  others.  (Deed of Trust (#6-4) at 3).  As nominee, MERS also had the authority to act on behalf

12  of the holder of the note to execute a substitution of trustee.  *See Gomez*, 2009 WL 3617650,

13  at *1.  Pursuant to this authority, on October 28, 2008 MERS assigned all beneficial interest

14  under the Deed of Trust to U.S. Bank and substituted Cal-Western as trustee of the Deed of

15  Trust.  (Substitution of Trustee (#6-7); Assignment of Deed of Trust (#6-8)).  On October 30,

16  2008 Cal-Western, as trustee, executed a notice of default.  (Notice of Default (#6-9)).  Plaintiff

17  alleges the notice of substitution of trustee and notice of default were never recorded, but the

18  record clearly indicates this assertion is incorrect.  (Substitution of Trustee (#6-7); Notice of

19  Default (#6-9)).  Plaintiff failed to cure the default and accordingly Cal-Western recorded a

20  notice of trustee's sale on February, 9, 2009; February 15, 2011; and October 17, 2011.

21  (Notice of Trustee's Sale (##6-10, -11, -12)).  Because the statutory foreclosure procedures

22  have been properly followed, no defect in the foreclosure exists.

23      Plaintiff also argues that the foreclosure was statutorily defective because his note was

24  split from the Deed of Trust.  The theory that a party is not entitled to foreclose because the

25  note was split from the deed of trust has been repeatedly rejected by this Court and the Ninth

26  Circuit.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir.

27  2011); *Vega v. CTX Mortg. Co., LLC*, 761 F.Supp.2d 1095, 1097-98 (D. Nev. 2011);

28  *Khankhodjaeva v. Saxon Mortg. Servs.*, 2012 WL 214302, at *4 (D. Nev. 2012); *Parker v.*

*GreenPoint Mortg. Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev. 2011); *Wittrig v. First Nat'l Bank of Nevada*, 2011 WL 5598321, at **5-6 (D. Nev. 2011).

Accordingly, Plaintiff is unlikely to succeed on the merits of his claim for defective foreclosure.

### B.   Negligence

To prevail on a negligence theory, a plaintiff must show: "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).   Generally, a lender owes no duty of care to a borrower other than those duties defined by the Nevada foreclosure statutes. *Gomez*, 2009 WL 3617650, at *8.

Plaintiff here contends that Defendants did not exercise reasonable care in interacting with clients and that they neglected to advance the mutual benefits of all parties to the Deed of Trust. (Compl. (#1-2) at 8).  Defendants however had no extra-contractual duty to exercise reasonable care to protect borrowers or to advance their interests. *See Gomez*, 2009 WL 3617650, at *8.  Plaintiff accordingly is unlikely to succeed on his claim of negligence.

### C.   Wrongful Foreclosure

Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  The Property here has not yet been sold and Plaintiff has not alleged he has not defaulted on the mortgage loan, and accordingly he is unlikely to be successful on this claim.

### D.   Breach of the Covenant of Good Faith and Fair Dealing

Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). "When one party performs a contract in a manner that is unfaithful to the purpose of the

contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must therefore show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Id.*; *see also Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Plaintiff contends that Defendants breached the covenant of good faith and fair dealing by conspiring to wrongfully foreclose on him and unlawfully convert the Property. (Compl. (#1-2) at 10). Yet the Deed of Trust specifically provided for foreclosure in the event of default and the failure to cure. (*See* Deed of Trust (#6-4) at 3-4). Because the express terms of the Deed of Trust allow for foreclosure, Defendants did not act unfaithfully to the purpose of the Deed of Trust and any expectations Plaintiff may have had that other parties could not foreclose on the Property were not justified.

### E.    Misrepresentation

A claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff alleges Defendants engaged in fraud by "feign[ing] consideration of modification

options, only to ultimately expedite foreclosure," by making false representations in public notices and records, and by pretending to record documents pursuant to NRS § 107.080. (Compl. (#1-2) at 12-14). Plaintiff has however failed to plead with particularity by stating the content of the false representations, the identity of the party who made the representations, and the time and place of the representations. Furthermore, the record contradicts Plaintiff's claim that Defendants only pretended to record documents pursuant to NRS § 107.080, as Defendants have presented copies of the those documents which indicate that they were in fact recorded. (*See, e.g.,* Substitution of Trustee (#6-7); Assignment of Deed of Trust (#6-8); Notice of Default (#6-9); Notice of Trustee's Sale (##6-10, -11, -12)). Plaintiff accordingly is unlikely to succeed on this claim.

### F.    Detrimental Reliance

Plaintiff's claim of detrimental reliance is vague and seems to overlap with a number of his other claims. Plaintiff essentially asserts that he relied on the belief that Defendants would follow the statutorily prescribed protocols in foreclosing and that Defendants failed to follow these protocols by not mailing to him the notice of default. (Compl. (#1-2) at 14).

Although this allegation would have been more appropriately brought under Plaintiff's claim for defective foreclosure, it is true that under NRS § 107.080(3) a copy of the notice of default and election to sell must be mailed to the borrower by registered mail or certified mail with return receipt requested. All that is required is that the foreclosing party mail the notice of default to the plaintiff; the foreclosing party has no duty to ensure that the notice of default was actually received. *Corn v. Recontrust Co., N.A.*, 2011 WL 1135943, at *5 (D. Nev. 2011); *see also Hankins v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976) (mailing of the notices is all that the statute requires and their mailing presumes that they were received). A defendant may prove the notice of default was actually mailed by affidavits and certificates of posting. *Corn*, 2011 WL 1135943, at *5.

Defendants here have shown the notice of default was properly executed and recorded. (Notice of Default (#6-9)). Although it is not clear that the notice of default was actually mailed to Plaintiff, because Defendants properly executed and recorded the notice of default it seems

8

more than likely that the mailing occurred.  Furthermore, Plaintiff has made numerous other allegations in the complaint regarding the circumstances surrounding this case and Defendants' compliance with NRS § 107.080 that have proven to be untrue, which weighs against Plaintiff in the Court's evaluation of the likelihood that Plaintiff will ultimately be able to prove this claim and succeed on the merits.[4]

### G.      Fair Debt Collection Practices Act

For a defendant to be liable for a violation of the Fair Debt Collection Practices Act ("FDCPA"), the defendant must be classified as a "debt collector" within the meaning of the Act.  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010).  A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA.  *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011).  Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)).  As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently Plaintiff

---

[4] For example, Plaintiff has alleged that the notice of default was filed before Cal-Western was formally substituted as trustee, that the substitution of trustee and notice of default were never recorded, and that other documents were never recorded in violation of NRS § 107.080.  (Compl. (#1-2) at 11, 13.)  Yet these allegations are all clearly refuted by the documents presented by Defendants.  (*See, e.g.,* Substitution of Trustee (#6-7); Notice of Default (#6-9); Notice of Trustee's Sale (##6-10, -11, -12)).  As noted earlier, Plaintiff has also misstated the date the Property was purchased and the date the Deed of Trust executed. (*See supra* note 2).

is unlikely to succeed on this claim.

### H.    Injunctive and Declaratory Relief

Injunctive and declaratory relief are not separate causes of action, but are dependent on the merits of the plaintiff's substantive claims.  *See Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *In re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007).  As Plaintiff is unlikely to succeed on any of his substantive claims for relief, he is also unlikely to succeed on these dependent claims.

Additionally, as noted above, to succeed on a claim for injunctive relief, the plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff has failed to establish that he is likely to succeed on the merits of his claims, and therefore he is not entitled to injunctive relief and there is no need for the Court to look at the remaining factors.  *See Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1057-58 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for a temporary restraining order and preliminary injunction (#1-4) is denied.


DATED: This _ 9th _ day of February, 2012.


United States District Judge