1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                              DISTRICT OF NEVADA

10                                    * * *

11   GEORGE TAPIA,                         Case No. 2:12-cv-00105-MMD-VCF
                                           (consolidated with Case. No. 2:12-cv-
12                          Plaintiff,     00344-MMD-VCF)

13         v.
                                                        ORDER
14   CAL-WESTERN RECONVEYANCE
     CORP., et al.,                        (Plaintiff's Motion to Stay – dkt. no. 8;
15                                         Plaintiff's Motion to Remand – dkt. no. 9;
                            Defendants.    Defendant's Motion to Dismiss or Motion
16                                         for Summary Judgment – dkt. no. 12;
                                           Defendants' Motion for Judgment on the
17                                         Pleadings and to Expunge Lis Pendens –
                                           dkt. no. 14;
18                                         Defendant's Motion to Expunge Lis
                                           Pendens – dkt. no. 15;
19                                         Defendant's Motion for Decision – dkt. no.
                                           19).
20

21

22         Before this Court are Plaintiff's Motion to Stay (Case no. 2:12-cv-344-MMD-VCF

23   ("case no. 344"), dkt. no. 8) and Motion to Remand to State Court (case no. 344, dkt. no.

24   9); Defendants MERS, MERSCORP, and California Reconveyance Corporation's Motion

25   for Judgment on the Pleadings and to Expunge Lis Pendens (2:12-cv-00105-MMD-VCF

26   ("case no. 105"), dkt. no. 14); Defendant Cal-Western's Motion to Dismiss or Motion for

27   Summary Judgment (case no. 344, dkt. no. 12), Motion to Expunge Lis Pendens (case

28   no. 105, dkt. no. 15) and Motion for Decision (case no. 344, dkt. no. 19).

1    **I.    BACKGROUND**

2         Plaintiff George Tapia and Donna Tapia, as husband and wife, purchased real

3    property located at 10421 Pacific Sageview Lane, Las Vegas, Nevada (the "Property")

4    on or about May 19, 2004.  (Case no. 105, dkt. no. 14-7.) [1]  To finance the purchase of

5    the Property, Plaintiff and Donna Tapia obtained a loan from American Fidelity Mortgage

6    Bankers, Inc., in the amount of $185,600, which was secured by a Deed of Trust (case

7    no. 105, dkt. no. 14-8.)  The Deed of Trust names American Fidelity Mortgage Bankers

8    as lender, Old Republic Title as trustee, and Mortgage Electronic Registration Systems,

9    Inc. ("MERS") as nominee and beneficiary.  (*Id.* at 1.)

10        On January 6, 2005, the Property was conveyed by Plaintiff and Donna Tapia to

11   "George Tapia and Donna Tapia, Trustees of the Tapia Family Trust."  (Case no.105,

12   dkt. no. 14-9.)   Donna Tapia, as Trustee of the Tapia Family Trust, then signed a

13   quitclaim deed which conveyed the Property back to Plaintiff on October 17, 2008 for no

14   consideration.  (Case no. 105, dkt. no. 14-10.)

15        Plaintiff defaulted on the loan secured by the Deed of Trust by failing to make the

16   payment due on July 1, 2008.  (Case no. 105, dkt. no. 14-13.)  Plaintiff apparently

17   attempted to modify the loan, but was unsuccessful.  (Case no. 105, dkt. no 1-2 at 2.)

18   On October 28, 2008, MERS, as nominee, substituted Cal-Western Reconveyance

19   Corporation ("Cal-Western") as trustee of the Deed of Trust.  (Case no. 105, dkt. no. 14-

20   11.)  MERS also assigned all beneficial interest under the Deed of Trust to U.S. Bank,

21   N.A., on October 28, 2008.  (Case no. 105, dkt. no. 14-12.)

22        Cal-Western, as trustee, executed a notice of default on October 30, 2008, which

23   was recorded on November 3, 2008. (Case no. 105, dkt. no. 14-13.)   Because the

24   default under the note secured by the Deed of Trust was not cured, Cal-Western

25   _____

26   [1] Defendants have requested that the Court take judicial notice of attached copies of
     relevant publicly recorded documents. The Court takes judicial notice of these public
27   records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861,
     866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of state
28   agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1   recorded a notice of trustee's sale on February, 9, 2009, February 15, 2011, and

2   October 17, 2011.  (Case no. 105, dkt. nos. 14-14, 14-15, 14-16.)

3       Plaintiff, proceeding pro se, filed a complaint in the district court for the State of

4   Nevada in Clark County on December 28, 2011 against California Reconveyance

5   Company, MERSCORP, Inc., and MERS.  (Case no. 105, dkt. no. 1-2.)  On December

6   29, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary

7   injunction in Nevada State court.  (Case no. 105, dkt. no. 1-4.)  Plaintiff also recorded a

8   Notice of Lis Pendens on the Property on January 5, 2012.  (Case no. 105, dkt. no. 1-3.)

9   Defendants timely removed to this Court.  (Case no. 344, dkt. no. 1.)  Because Plaintiff

10  incorrectly named California Reconveyance as trustee in his first action, Plaintiff filed a

11  subsequent action against the proper Defendant, California-Western Reconveyance

12  Corporation.[2]   2:12-cv-00344-MMD-VCF.  The two cases were consolidated on March

13  26, 2012.  (Case no. 344, dkt. no. 15.)

14      On February 9, 2012, the Court denied Plaintiff's motion for a temporary

15  restraining order and a preliminary injunction, holding that he was unlikely to succeed on

16  any of his claims.  (Case no. 105, dkt. no. 10.)

17      Plaintiff alleges eight causes of action in his Complaint: (1) injunctive/declaratory

18  relief; (2) negligence; (3) wrongful foreclosure; (4) breach of the covenant of good faith

19  and fair dealing; (5) statutorily defective foreclosure; (6) misrepresentation; (7)

20  detrimental reliance; and (8) violations of the Fair Debt Collection Practices Act (15

21  U.S.C. § 1692).  (Case no. 105, dkt. no. 1-2; case no. 344, dkt. no. 1 at 7-24.)

22  **II.    Plaintiff's Motion to Remand to State Court and Motion to Stay Pending this Court's Decision on His Motion to Remand**

23

24      Plaintiff first requests that this Court stay proceedings until it issues an order on

25  Plaintiff's Motion to Remand.  A stay is not necessary.  The Court addresses Plaintiff's

26  _____

27  [2] Plaintiff has voluntarily dismissed Defendant California Reconveyance.  (Case 105, dkt. no. 8.)  Because Plaintiff did not comply with the notice requirements of Fed. R. Civ. P.

28  41(a)(2) in his Notice of Voluntary Dismissal, California Reconveyance requests that the Court formally dismiss it from this case with prejudice.  (Case no. 105, dkt. no. 14 at 3.)

1    Motion with this Order and does not rule on any dispositive motions in this case before
2    addressing that Motion.  Further, staying proceedings merely because a party has a
3    pending motion before the Court is procedurally improper.

4         In his Motion to Remand, Tapia appears to argue that removal was improper
5    because not all Defendants acquiesced to the removal, no federal subject matter
6    jurisdiction or diversity jurisdiction exists, and that this Court should abstain from
7    exercising jurisdiction due to the important issues of state law raised in Plaintiff's
8    Complaint.

9         Tapia's arguments with respect to abstention and joinder are meritless. Moreover,
10   because removal was proper under this Court's diversity jurisdiction, the Court will not
11   address federal question jurisdiction.

12        To establish subject matter jurisdiction pursuant to diversity of citizenship, the
13   party asserting jurisdiction must show: (1) complete diversity of citizenship among
14   opposing parties and (2) an amount in controversy exceeding $75,000.  28 U.S.C. §
15   1332(a).

16        To satisfy the amount in controversy requirement, the defendant must either: (1)
17   demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks
18   damages in excess of $75,000, or (2) prove, by a preponderance of the evidence, that
19   the amount in controversy meets the jurisdictional limit.  *Valdez v. Allstate Ins. Co.*, 372
20   F.3d 1115, 1116-1117 (9th Cir. 2004).  In determining what evidence may be considered
21   under (2) above, the Ninth Circuit has adopted the "practice of considering facts
22   presented in the removal petition as well as any 'summary-judgment[sic]-type evidence
23   relevant to the amount in controversy at the time of removal.'"  *Matheson v. Progressive*
24   *Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm*
25   *Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

26        This action was properly removed as a diversity action.  Plaintiff essentially admits
27   as much at paragraph 8 of his Complaint.  That paragraph states that "Plaintiff is a
28   resident of the state of Nevada" and that "Defendants . . . [are] foreign corporations

conducting business" in Nevada.  In fact, Plaintiff is a citizen of Nevada.  (Dkt. no. 9 at ¶ 4.)  Defendant Cal-Western is a California corporation (case no. 344, dkt. no. 5 at ¶ 3) as is California Reconveyance (case no. 105, dkt. no. 9 at ¶ 4), and Defendants MERS and MERSCORP are Delaware corporations (*id*).  There is complete diversity between the parties.

The amount-in-controversy requirement is also satisfied.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).  According to the notice of trustee sale, the Property is worth $222,092.99.  (Case no. 344, dkt. no. 11 at 58.)

For these reasons, Plaintiff's Motions to Remand to State Court and to Stay Pending Determination on Motion to Remand are denied.

**III.   Defendants MERS, MERSCORP, and California Reconveyance's Motion for Judgment on the Pleadings and Defendant Cal-Western's Motion to Dismiss or Motion for Summary Judgment**[3]

Defendant MERS, MERSCORP, and California Reconveyance jointly filed a Motion for Judgment on the Pleadings.  Defendant Cal-Western filed a Motion to Dismiss or Motion for Summary Judgment and a Motion for Decision.  Because the Motions all seek to dismiss the same causes of action, the Court addresses them together.

A FRCP 12(c) motion for judgment on the pleadings utilizes the same standard as a FRCP 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations."  *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted).

---

[3] Defendant Cal-Western also filed a Motion for Decision (case no. 344, dkt. no. 19) because Plaintiff did not file an opposition to Defendant's dispositive motions.  It is true that failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted.  L.R. 7-2(d).  However, because the pending motions are dispositive in nature, the Court conducts an independent review of the motions.  *Accord Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).  The Motion for Decision is therefore DENIED.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## A.  Defective Foreclosure

Nevada law provides that a Deed of Trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." Nev. Rev. Stat. § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. Nev. Rev. Stat. § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of default and election to sell. Nev. Rev. Stat. § 107.080(2)(c).  A copy of the notice of default and election to sell must be mailed by registered mail or certified mail with return receipt requested. *Id.* at § 107.080(3).  The trustee or other person authorized to make the sale must wait at least three months after recording the notice of default and election to sell before the sale may

proceed. *Id.* at § 107.080(2)(d). After the three month period, the trustee must give notice of the time and place of the sale to each trustor by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor. *Id.* at § 107.080(4)(a). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." *Id.* at § 107.080(5)(a). A nominee on a Deed of Trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *1 (D. Nev., Oct. 26, 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

In this case, the proper entities foreclosed on the Property in the proper order. MERS was given authority in the Deed of Trust to assign beneficial interest in the Deed of Trust to others. (Case no. 105, dkt. no. 14-7.) As nominee, MERS also had the authority to act on behalf of the holder of the note to execute a substitution of trustee. *See Gomez*, 2009 WL 3617650, at *1. Pursuant to this authority, on October 28, 2008, MERS assigned all beneficial interest under the Deed of Trust to U.S. Bank (case no. 105, dkt. no. 14-12) and substituted Cal-Western as trustee of the Deed of Trust (case no 105, dkt. no. 14-11). On October 30, 2008 Cal-Western, as trustee, executed a notice of default. (Case no. 105, dkt. no. 14-13.) The notice was sent to Plaintiff on November 3, 2008. (Case no. 105, dkt. no. 31 at 11-14.)

Plaintiff alleges the notice of substitution of trustee and notice of default were never recorded, but the record demonstrates that this is incorrect. Plaintiff failed to cure the default and accordingly Cal-Western recorded a notice of trustee's sale on February, 9, 2009, February 15, 2011, and October 17, 2011. (Case no. 105, dkt. nos. 14-14, 14-

1  15, 14-16.)  Because the statutory foreclosure procedures were properly followed, there

2  was no defect in the foreclosure.

3  Plaintiff also argues that the foreclosure was statutorily defective because his note

4  was split from the Deed of Trust. However, the theory that a party is not entitled to

5  foreclose because the note was split from the Deed of Trust has been repeatedly

6  rejected by this Court and the Ninth Circuit.  *See Cervantes v. Countrywide Home*

7  *Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co., LLC*, 761

8  F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*,

9  2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage*

10  *Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank*

11  *of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011).

12  For these reasons, Plaintiff's defective foreclosure claim is dismissed against all

13  Defendants.

14  **B.    Negligence**

15  To prevail on a negligence claim, a plaintiff must show: "(1) the defendant owed a

16  duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the

17  legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."  *Scialabba v.*

18  *Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).  Generally, a lender owes no

19  duty of care to a borrower other than those duties defined by the Nevada foreclosure

20  statutes. *Gomez*, 2009 WL 3617650, at *8.

21  Plaintiff here contends that Defendants did not exercise reasonable care in

22  interacting with clients and that they neglected to advance the mutual benefits of all

23  parties to the Deed of Trust.  However, Defendants had no extra-contractual duty to

24  exercise reasonable care to protect borrowers or to advance their interests.  *See*

25  *Gomez*, 2009 WL 3617650, at *8.  The Court therefore dismisses Plaintiff's negligence

26  claim against all Defendants.

27  */ / /*

28  */ / /*

8

1

2    **C.    Wrongful Foreclosure**

3        Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must

4    show that a lender wrongfully exercised the power of sale and foreclosed upon his or her

5    property when the homeowner was not in default on the mortgage loan.  *See Collins v.*

6    *Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983).  Defendants represent

7    that the Property here has not yet been sold (case no. 105, dkt. no 105, dkt. no. 14 at

8    14, fn. 4) [4] and Plaintiff does not allege that he has not defaulted on the mortgage loan.

9    Accordingly, this claim is dismissed against all Defendants.

10    **D.    Breach of the Covenant of Good Faith and Fair Dealing**

11        Nevada law holds that "[e]very contract imposes upon each party a duty of good

12    faith and fair dealing in its performance and its enforcement."  *A.C. Shaw Constr., Inc. v.*

13    *Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts

14    § 205).   "When one party performs a contract in a manner that is unfaithful to the

15    purpose of the contract and the justified expectations of the other party are thus denied,

16    damages may be awarded against the party who does not act in good faith."   *Hilton*

17    *Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To succeed on a

18    cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must

19    therefore show: (1) the plaintiff and defendant were parties to an agreement; (2) the

20    defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty

21    by performing in a manner that was unfaithful to the purpose of the contract; and (4) the

22    plaintiff's justified expectations were denied.  *Id.*; *see also Perry v. Jordan*, 900 P.2d 335,

23    338 (Nev. 1995).

24        Plaintiff contends that Defendants breached the covenant of good faith and fair

25    dealing by conspiring to wrongfully foreclose on him and unlawfully convert the Property.

26    (Case no. 105, dkt. no. 1-2 at ¶ 59).   Yet the Deed of Trust specifically provided for

27    foreclosure in the event of default and the failure to cure.  (*See* case no. 105, dkt. no. 14-

28 ───────────────────

[4] Nor has there been a recent filing demonstrating that the Property has been sold.

8.)  Because the express terms of the Deed of Trust allow for foreclosure, Defendants did not act unfaithfully to the purpose of the Deed of Trust and any expectations Plaintiff may have had that other parties could not foreclose on the Property were not justified. This claim is dismissed against all Defendants.

### E.    Misrepresentation

A claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance.  *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).  According to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff alleges that Defendants engaged in fraud by "feign[ing] consideration of modification options, only to ultimately expedite foreclosure," by making false representations in public notices and records, and by pretending to record documents pursuant to NRS § 107.080. (Case no. 105, dkt. no. 1-2 at 12-14.)  Plaintiff has however failed to plead with particularity by stating the content of the false representations, the identity of the party who made the representations, and the time and place of the representations.   "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations and modifications omitted).  "In the context of

a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."   *Id.* (internal quotations and modifications omitted).

Further, the record contradicts Plaintiff's claim that Defendants only pretended to record documents pursuant to NRS § 107.080, as Defendants have presented copies of those documents which demonstrates that they were in fact recorded.  (*See, e.g.*, Case no. 105, dkt. nos. 14-11, 14-12, 14-13, 14-14, 14-15, 14-16.)

These claims are therefore dismissed against all Defendants.

### F.    Detrimental Reliance

Plaintiff's detrimental reliance claim is vague and seems to overlap with a number of his other claims.   Plaintiff essentially asserts that he relied on the belief that Defendants would follow the statutorily prescribed protocols in foreclosing and that Defendants failed to follow these protocols by not mailing to him the notice of default. (Case no. 105, dkt. no. 1-2 at 14.)

Plaintiff's argument is flawed in three respects.  First, Defendant Cal-Western *did* mail Plaintiff the notice of default in accordance with NRS § 107.080(3).  (dkt. no. 31 at 11-14.)  Second, "detrimental reliance" is not a separate cause of action, but an element of promissory estoppel.  Third, there is no evidence that Defendants made any promises regarding the foreclosure of Plaintiff's home for which Plaintiff relied upon.

This claim is accordingly dismissed against all Defendants.

### G.    Fair Debt Collection Practices Act

For a defendant to be liable for a violation of the Fair Debt Collection Practices Act ("FDCPA"), the defendant must be classified as a "debt collector" within the meaning of the Act.  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev., Oct. 18, 2010).  A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6). Foreclosure pursuant to a Deed of Trust does not constitute debt collection

under the FDCPA.  *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev., March 23, 2011).  Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'"  *Id.* (quoting *Croce v. Trinity Mortgage Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev., Sept. 28, 2009)).  As Defendants are foreclosing on the Property pursuant to a Deed of Trust, they do not qualify as "debt collectors" within the meaning of the FDCPA.  This claim is dismissed against all Defendants.

### H.   Injunctive and Declaratory Relief

Injunctive and declaratory relief are not separate causes of action, but are dependent on the merits of the plaintiff's substantive claims.  *See Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989*); In re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).  As the Court dismisses all of Plaintiff's substantive claims for relief, it also dismisses these dependent claims.

### IV.   Defendants' Motions to Expunge Lis Pendens

NRS § 14.010 allows a notice of pendency or a lis pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.  NRS § 14.010(2). This Order dismisses Plaintiff's action.   Accordingly, the Motions to Expunge Lis Pendens are granted.

### V.   CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand and Motion to Stay are DENIED.

IT IS FURTHER ORDERED THAT Defendants' MERS, MERSCORP, and California Reconveyance Corporation's Motion for Judgment on the Pleadings is GRANTED with prejudice to Defendant California Reconveyance Corporation and without prejudice to Defendants MERS and MERSCORP;

IT IS FURTHER ORDERED THAT Defendant Cal-Western's Motion to Dismiss or Motion for Summary Judgment is GRANTED without prejudice;

IT IS FURTHER ORDERED THAT Defendants' Motions to Expunge Lis Pendens are GRANTED.

IT IS FURTHER ORDERED THAT Defendant Cal-Western's Motion for Decision is DENIED.

IT IS SO ORDERED.

ENTERED THIS 6th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE